1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRANDON FAVOR,

               Petitioner,

     v.

ANTHONY HARPER, et al.,

               Respondents.

Case No. CV 16-8593-JGB (JEM)

ORDER SUMMARILY DISMISSING
SUCCESSIVE PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY

On November 9, 2016, Brandon Favor ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), in which he challenges his 2008 conviction and 2009 sentence in Los Angeles County Superior Court Case No. BA285265 ("State Court Conviction").

Petitioner previously filed a federal habeas petition in this Court, Brandon Alexander Favor v. Daniel Paramo, Case number CV 14-4441-JGB (JEM) ("First Habeas Action"), challenging the State Court Decision.  The First Habeas Action was dismissed with prejudice on October 21, 2016.

Petitioner has filed several habeas petitions since the First Habeas Action was dismissed, including this one, all of which challenge the State Court Decision.

1    As set forth more fully below, the instant Petition must be dismissed as an

2  unauthorized successive habeas petition.

3                              **PRIOR PROCEEDINGS**

4    On July 30, 2008, a Los Angeles County Superior Court jury found Petitioner guilty of

5  one count of first degree murder (Cal. Penal Code § 187(a)), two counts of attempted

6  murder (Cal. Penal Code §§ 664/187(a)), and two counts of second degree robbery (Cal.

7  Penal Code § 211).  The jury further found true the special circumstance allegation that the

8  murder was committed in the course of a robbery (Cal. Penal Code § 190.2(a)(17)(A)); the

9  allegation that each attempted murder was committed willfully, deliberately, and with

10  premeditation (Cal. Penal Code § 664(a)), and the allegation as to each count that a

11  principal was armed with a firearm in the commission of the offense (Cal. Penal Code §

12  12022(a)(1)).  (2 Clerk's Transcript ["CT"] at 421-25; 6 Reporter's Transcript ["RT"] at 1587-

13  91.)  On April 7, 2009, the trial court sentenced Petitioner to state prison for an aggregate

14  term of life without the possibility of parole.  (2 CT at 467-73; 8 RT at 3614-18.)[1]

15    On May 30, 2014, Petitioner filed in the First Habeas Action in this Court.  On

16  October 21, 2016, the First Habeas Action was denied on the merits and dismissed with

17  prejudice.

18                                **DISCUSSION**

19  **I.      Duty to Screen**

20    This Court has a duty to screen habeas corpus petitions.  See Rules Governing §

21  2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes.  Rule 4

22  requires a district court to examine a habeas corpus petition, and if it plainly appears from

23  the face of the petition and any annexed exhibits that the petitioner is not entitled to relief,

24  ―――――――――――――――

25    [1] More specifically, the court imposed  the statutory term of life without the possibility
   of parole for the special circumstance felony-murder, life terms with the possibility of parole
26  for each attempted murder, and one year statutory terms for each of the three armed
   principal allegations, all to run consecutively to each other; the court otherwise imposed and
27  stayed determinate terms of four years (mid term of three years consecutive to the one year
   term for the armed principal allegations) for each robbery conviction.  (See 8 RT at 3614-
28  18.)

                                      2

1 the judge shall make an order for summary dismissal of the petition.  Id.; see also Local

2 Rule 72-3.2.

3 **II.      Successive Petition**

4        The Petition must be dismissed as a successive petition over which this Court lacks

5 jurisdiction.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

6 amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

7            (b)(1) A claim presented in a second or successive habeas

8        corpus application under section 2254 that was presented in a prior

9        application shall be dismissed.

10            (2) A claim presented in a second or successive habeas corpus

11        application under section 2254 that was not presented in a prior

12        application shall be dismissed unless –

13            (A) the applicant shows that the claim relies on a new rule

14            of constitutional law, made retroactive to cases on collateral

15            review by the Supreme Court, that was previously unavailable;

16            or

17            (B)(i) the factual predicate for the claim could not have

18            been discovered previously through the exercise of due

19            diligence; and [¶]  (ii) the facts underlying the claim, if proven

20            and viewed in light of the evidence as a whole, would be

21            sufficient to establish by clear and convincing evidence that, but

22            for constitutional error, no reasonable factfinder would have

23            found the applicant guilty of the underlying offense.

24            (3)(A) Before a second or successive application permitted by

25        this section is filed in the district court, the applicant shall move in the

26        appropriate court of appeals for an order authorizing the district court to

27        consider the application.

28

3

1    28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the

2    United States District Courts.

3         AEDPA "greatly restricts the power of federal courts to award relief to state prisoners

4    who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656,

5    661 (2001).  AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or

6    successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see

7    also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Second or successive habeas

8    petitions are subject to the "extremely stringent" requirements of AEDPA.  Babbitt v.

9    Woodford, 177 F.3d 744, 745 (9th Cir. 1999).  A petition will be considered "second or

10   successive" even if an appeal is pending in the initial habeas matter.  See Beaty v. Schriro,

11   554 F.3d 780, 782-83 & n.1 (9th Cir. 2009).

12        "Before a second or successive application permitted by this section is filed in the

13   district court, the applicant shall move in the appropriate court of appeals for an order

14   authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

15   Second or successive habeas petitions filed in the district court without an authorizing order

16   from the court of appeals shall be dismissed.  See 28 U.S.C. § 2244(b); see also Burton v.

17   Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received

18   authorization from Court of Appeals before filing second or successive petition, district court

19   should have dismissed petition for lack of jurisdiction).  "'When the AEDPA is in play, the

20   district court may not, in the absence of proper authorization from the court of appeals,

21   consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270,

22   1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

23        Here, Petitioner challenges the same State Court Conviction that he challenged in

24   the First Habeas Action.  That case was dismissed with prejudice.  Under AEDPA,

25   Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to

26   consider his claims prior to filing this case.  Because he did not do so, this Court is without

27

28

1  jurisdiction to entertain the Petition.  Burton, 549 U.S. at 153; see also 28 U.S.C. §

2  2244(b)(3)(A).[2]

### CERTIFICATE OF APPEALABILITY

4        Under AEDPA, a state prisoner seeking to appeal a district court's final order in a

5  habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the

6  district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the

7  applicant has made a substantial showing of the denial of a constitutional right."  Id. at §

8  2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir. 1996).  "A petitioner

9  satisfies this standard by demonstrating that jurists of reason could disagree with the district

10  court's resolution of his constitutional claims or that jurists could conclude the issues

11  presented are adequate to deserve encouragement to proceed further."  Miller-El v.

12  Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84

13  (2000).

14        When a district court dismisses a petition on procedural grounds, the reviewing court

15  should apply a two-step analysis, and a COA should issue if the petitioner can show both:

16  (1) "that jurists of reason would find it debatable whether the district court was correct in its

17  procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the

18  petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478.

19        The Court is dismissing the Petition without prejudice because it is a second or

20  successive petition.  Since the Petition is clearly a second or successive petition, Petitioner

21  cannot make the requisite showing "that jurists of reason would find it debatable whether

22  the district court was correct in its procedural ruling."  Slack, 529 U.S. at 478.

23

24        [2] Ninth Circuit Rule 22-3(a) provides that "if an application for authorization to file a

25  second or successive section 2254 petition . . . is mistakenly submitted to the district court,
the district court shall refer it to the court of appeals."  In this case, there is no indication that

26  the instant Petition is actually an application for authorization to file a second or successive
petition that was mistakenly filed here, and the Court declines to construe it as such.  If

27  Petitioner seeks authorization to file a successive habeas petition, he should submit his
application directly to the Ninth Circuit Court of Appeals in compliance with Ninth Circuit

28  Rule 22-3.

**ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice** for lack of jurisdiction;

2. A Certificate of Appealability is **denied**.

DATED:  January 17, 2017

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

6